**LAW OFFICE OF RESHMA KAMATH**

Reshma Kamath, Cal. Bar No. 333800

700 El Camino Real, Suite 120, #1084

Menlo Park, California 94025, United States

Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

Counsel for Plaintiffs **PROFITPAY TECHNOLOGIES, INC., and TANMAY KAR**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROFITPAY TECHNOLOGIES, INC.; a corporation; TANMAY KAR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ALINOR HOLDINGS, INC. d/b/a ONRIVA, a corporation; JAYESH PATEL, an individual; DEVESH PATEL, an individual; VIMAL PATEL, an individual, and DOES 1-10, *INCLUSIVE*,<br><br>Defendants | **CASE NO.:**<br><br>**VERIFIED COMPLAINT FOR DAMAGES**:<br><br>1. Fraudulent Inducement;<br>2. Breach of Fiduciary Duty;<br>3. Breach of Contract;<br>4. Fraud;<br>5. Negligent Misrepresentation;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs PROFITPAY TECHNOLOGIES, INC. and TANMAY KAR, allege as follows:

## PARTIES

1. Plaintiff PROFITPAY TECHNOLOGIES, INC. ("PROFITPAY") is a corporation organized under the laws of the State of Delaware, having a principal place of business at 2603 Camino Ramon, Suite 200, San Ramon, CA 94583.

2. Plaintiff TANMAY KAR is the Chief Executive Officer of PROFITPAY.

3. Defendant ALINOR HOLDINGS, INC., d/b/a Orniva is a corporation organized under the laws of the State of Delaware, having a principal place of business at 1065 E. Hillsdale, Suite 215, Foster City, CA 94404.

4. Defendant JAYESH PATEL is an individual residing in this district, a board member and shareholder of PROFITPAY and, on information and belief, a principal at ALINOR HOLDINGS, INC.

5. Defendant DEVESH PATEL is an individual residing in this district and a board member of PROFITPAY.

6. Defendant VIMAL PATEL is an individual residing in this district and a board member of PROFITPAY.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1332.

8. This Court has personal jurisdiction over the parties in that they reside and/or maintains regular and established places of business in this District.

## FACTUAL BACKGROUND

9. For more than 24 years, Plaintiff TANMAY KAR ("KAR") has been a highly accomplished entrepreneur, having been Chief Executive Officer and Chief Financial Officer at multiple successful companies backed by prominent venture capital firms.

10. In or around October 2021, KAR was approached by a C-suite executive recruiter about a potential position at PROFITPAY.

11. The recruiter told him that PROFITPAY had about 75 people, revenue growing from about $1.0 million to $10 million a month and was "about to secure a large funding round" and was "looking for a seasoned finance executive to spearhead the company's financial future."

12. The recruiter told him that PROFITPAY was "about to secure a large funding round" and was "looking for a seasoned finance executive to spearhead the company's financial future."

13. KAR was initially hired as CFO of PROFITPAY, but Defendants' intent was to induce KAR to become CEO, knowing that the former CEO and founder of PROFITPAY was likely going to jail after nearly killing three people in a DUI accident. On or about June 12, 2021, the former CEO of PROFITPAY had been arrested on DUI charges, driving at 90 MPH on a 30 MPH road, where he nearly killed three people, including two children aged 14 and 7 years old. The former CEO claimed the accident under "business liability" insurance to the tune of more than $2 million, which is apparent insurance fraud committed by the former CEO on PROFITPAY's behalf.

14. Defendants conspired with PROFITPAY's former CEO to hire KAR under false pretenses. KAR was not informed about the former CEO's accident at the time. Rather, Defendants talked about the possibility of a $2.4 billion exit in July 2023 through an IPO, in order to fraudulently induce KAR to accept employment at PROFITPAY.

15. KAR was promised a 4% ownership interest in PROFITPAY to induce him to accept the position, but under false pretenses regarding the company's finances.

16. Defendant JAYESH PATEL ("JAY"), supplied false information to the recruiter and to KAR that PROFITPAY had closed an investment for $50 million, putting PROFITPAY at a $700 million valuation, when in fact the company barely had money to meet payroll.

17. In fact, unbeknownst to KAR, PROFTIPAY had only $213.37 in its bank account at the end of July 2021 and was in dire financial straits.

18. On or around June 16, 2021, Paycertify Series A LLC was created to put all individual investors under an LLC and give JAY the power to spread false information.

19. On or around June 17, 2021, the then CEO of PROFITPAY did not even have a phone.

20. On or around June 22, 2021, Jose Morales, an ex-employee, sued PROFITPAY for various employment violations.

21. Thus, at this time, PROFITPAY's future was in serious jeopardy and Defendants were motivated to fraudulently induce KAR, a seasoned executive, to come work for PROFITPAY and "right the ship."

22. Thus KAR, in reliance on JAY's misrepresentations, accepted the position of CFO and later CEO, on the understanding that he would be receiving a 4% ownership interest in a firm that would have $53 million in the bank and would have a $700 million valuation.

23. Once KAR realized the dire state of PROFITPAY's finances, JAY pleaded with him to remain as CEO and help turn the company's business around, promising to personally invest up to $5-10 million of his own funds into PROFITPAY to help achieve these objectives. Defendant DEVESH PATEL ("DEVESH") also promised to invest additional funds in PROFITPAY.

24. Ultimately, however, JAY and DEVISH failed to live up to their promise and did not invest further capital in PROFITPAY as agreed as part of the restructuring effort while ousting the former CEO. Despite agreeing to invest $1.0 million regardless of the Company's progress and another $1.0 million based on the Company's progress, not only did they not invest but they forced KAR to pay $100,000 to buy out one single individual investor who was not happy.

25. In the ensuing months, KAR managed to turn around PROFITPAY's business, replacing the former CEO, buying back the former CEO's shares for the company, reducing more than $3 million in liabilities to nearly zero, replacing the employees, shutting down non-performing code, moving customers to a different platform, and finally achieving profitability for PROFITPAY.

26. Meanwhile, JAY was engaged in a Ponzi scheme at ALINOR HOLDINGS, INC. d/b/a ONRIVA ("ONRIVA").

27. JAY, who in conversations has purported to be a "billionaire," "launching a multi-billion dollar fund," and taking ONRIVA public in a matter of months has, in fact, been operating a fraudulent scheme to obtain investment at ONRIVA—and is attempting to gain control of PROFITPAY's assets in furtherance of the scheme. Defendants JAY, VIMAL and DEVESH have launched a fundraising platform Monriva Capital ostensibly to raise $1.0 billion, in furtherance of their scheme of raising money from many innocent investors.

28. ONRIVA has been in business for approximately 8 years with no stable market team and continues to fail to deliver on the promises that it has made to its investors. Despite repeated requested by KAR, neither ONRIVA nor JAY have provided basic financial diligence material such as GAAP compliant financial statements.

29. ONRIVA has taken more than $45 million from approximately 400 investors, all the while promising them lucrative exits at absurd returns on investment, from 10-100x, and is currently using the acquisition of PROFITPAY to help artificially increase the valuation with no real success in terms of the Company's maturity in products and revenue.

30. JAY and ONRIVA have claimed a near $1 billion valuation for ONRIVA, with no basis.

31. Sophisticated venture capital firms have avoided investing in ONRIVA. Rather, JAY and ONRIVA have focused on swindling less sophisticated investors.

32. JAY and ONRIVA have operated a Ponzi scheme whereby they have continuously sought more and more investment in ONRIVA, at higher and higher valuations, in order to provide impatient investors an "exit," while continuing to perpetuate the scheme,

33. On information and belief, VIJAD JAFRI, a principal at ONRIVA, has sold his personal shares held in his previous company Mondee, and provided JAY with about 13% of the Company's shares to raise about $35 million in capital from approximately 400 retail investors.

34. JAY and ONRIVA have fabricated spreadsheets with ludicrous $8 billion exit scenarios to induce investors to provide additional capital to ONRIVA, when the company lacks stable corporate governance and lacks assets that would support such a valuation.

35. On or about April 18, 2023, JAY purportedly caused PROFITPAY to enter into a so-called "Asset Purchase Agreement" with ONRIVA, whereby ONRIVA would purportedly acquire the assets of PROFITPAY.

36. However, JAY fraudulently manipulated the proposed Asset Purchase Agreement in order to acquire PROFITPAY on unduly favorable terms to ONRIVA and himself, which terms dilute the value of PROFITPAY's other investors, including KAY, by 80%.

37. JAY, as a principal of both ONRIVA and PROFITPAY, and a shareholder of both firms, has attempted to effectuate a highly self-interested transaction, to the detriment of PROFITPAY, its investors, and his fiduciary duty thereto.

38. JAY, and the other board members of PROFITPAY, did not comply with the requirements of CORP. CODE § 310(b).

39. JAY, and the other board members of PROFITPAY, did not seek approval for the Asset Purchase Agreement from non-conflicted investors and/or shareholders of PROFITPAY.

40. Where transaction between two corporations benefits one corporation at expense of the other corporation, and especially if it personally benefits majority directors, it should be set aside. *Remillard Brick Co. v. Remillard-Dandini Co*. (1952) 109 Cal.App.2d 405, 241 P.2d 66.

41. The Asset Purchase Agreement is a conflicted and self-interested transaction that harms PROFITPAY's investors and the company itself, and is intended solely to provide assets to ONRIVA to support JAY's ongoing Ponzi scheme at ONRIVA.

42. As such, the Asset Purchase Agreement is void and/or must be set aside.

## FIRST CLAIM FOR RELIEF

### (Fraudulent Inducement)

43. Plaintiffs refer to and incorporate the foregoing paragraphs as if fully set forth herein.

44. Plaintiff KAR was fraudulently induced by Defendant JAY to accept a position at PROFITPAY, based on misrepresentations about the financial status of PROFITPAY and the

resulting value of KAR's compensation package, including KAR's ownership interest in PROFITPAY.

45. JAY knew the true financial status of PROFITPAY at the time he made those misrepresentations and intended for KAR to rely on those misrepresentations in order to induce him to accept the role of CFO and, ultimately, CEO of PROFITPAY.

46. KAR justifiably relied on JAY's misrepresentations and, as an outsider, could not have known the true financial status of PROFITPAY at the time he was hired.

47. As a result of JAY's fraudulent misrepresentations, KAR suffered damages in an amount to be determined at trial according to proof.

## SECOND FLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

48. Plaintiffs refer to and incorporate the foregoing paragraphs as if fully set forth herein.

49. Defendants JAY, DEVESH and VIMAL are directors of PROFITPAY.

50. Defendants JAY, DEVESH and VIMAL owe PROFITPAY and its shareholders a fiduciary duty of the highest good faith.

51. Defendants JAY, DEVESH and VIMAL have orchestrated a purported Asset Purchase Agreement, purporting to acquire PROFITPAY and its assets on behalf of ONRIVA, with unduly favorable terms to themselves.

52. The Asset Purchase Agreement provides for the purchase of PROFITPAY on terms that dilute the value of other shareholders' interests in PROFITPAY by 80%.

53. Defendants JAY, DEVESH and VIMAL are shareholders of ONRIVA.

54. As such, the purported Asset Purchase Agreement is a flagrantly self-interested and conflicted transaction.

55. Defendants have not complied with Corp. Code. § 310(b).

56. As a result of the purported Asset Purchase Agreement, PROFITPAY and its shareholders, including KAY, have been harmed.

57. PROFITPAY and its shareholders, including KAY, have suffered damages proximately caused by Defendants' breaches of their fiduciary duty.

### THIRD CLAIM FOR RELIEF

### (Breach of Contract)

58. Plaintiffs refer to and incorporate the foregoing paragraphs as if fully set forth herein.

59. The parties agreed that ONRIVA would acquire PROFITPAY on terms that were fair to PROFITPAY and its shareholders, including KAR.

60. However, Defendants JAY, DEVESH and VIMAL unlawfully purported to pass a resolution on behalf of PROFITPAY that violated this agreement, giving JAY 80% of the value and diluting the value received by the other PROFITPAY shareholders, including KAR, by 80%.

61. Defendants' conduct constitutes a breach of the agreement.

62. Plaintiffs have suffered damages proximately caused by Defendants' breach.

### FOURTH CLAIM FOR RELIEF

### (Fraud)

63. Plaintiffs refer to and incorporate the foregoing paragraphs as if fully set forth herein.

64. Defendants have repeatedly supplied false information to KAR, as well as to investors and shareholders of PROFITPAY, in order to induce them to invest additional capital in the company.

65. Defendants falsely stated to investors, directly and through press releases, that PROFITPAY had been acquired, when in fact the company merely had a domain name change while the previous CEO was being criminally charged for killing three people in a DUI.

66. Defendants falsely stated to investors that Softbank would be making an investment in PROFITPAY, when they knew that it would not be.

67. Defendants falsely stated to KAR that PROFITPAY would be acquired on fair terms.

68. Defendants knew their statements were false and intended for Plaintiffs to rely on their statements.

69. Plaintiffs have reasonably relied on Defendants' misrepresentations, and suffered damages proximately caused thereby.

## FIFTH CLAIM FOR RELIEF

### (Negligent Misrepresentation)

70. Plaintiffs refer to and incorporate the foregoing paragraphs as if fully set forth herein.

71. Defendants misrepresented the financial status of PROFITPAY and the terms on which PROFITPAY would be acquired.

72. Defendants lacked reasonable grounds for believing their statements to be true, when they knew or should have known the true financial status of PROFITPAY and the terms on which the purported acquisition by ONRIVA would commence.

73. Defendants intended to induce Plaintiffs' reliance on their misrepresentations.

74. Plaintiffs did not know the truth of these matters and justifiably relied on Defendants' misrepresentations.

75. Plaintiffs suffered damages proximately caused by Defendants' misrepresentations.

## SIXTH CLAIM FOR RELIEF

### (Intentional Misrepresentation)

76. Plaintiffs refer to and incorporate the foregoing paragraphs as if fully set forth herein.

77. Defendants have repeatedly made intentional misrepresentations to KAR, as well as to investors and shareholders of PROFITPAY, in order to induce them to invest additional capital in the company.

78. Defendants intentionally misrepresented to investors, directly and through press releases, that PROFITPAY had been acquired, when in fact the company merely had a domain

name change while the previous CEO was being criminally charged for killing three people in a DUI.

79. Defendants intentionally misrepresented to investors that Softbank would be making an investment in PROFITPAY, when they knew that it would not be.

80. Defendants intentionally misrepresented to KAR that PROFITPAY would be acquired on fair terms.

81. Defendants knew their statements were false and intended for Plaintiffs to rely on their statements.

82. Plaintiffs have reasonably relied on Defendants' misrepresentations, and suffered damages proximately caused thereby.

## SEVENTH CLAIM FOR RELIEF

### (Negligence)

83. Plaintiffs refer to and incorporate the foregoing paragraphs as if fully set forth herein.

84. Defendants had a duty to provide true and accurate information to the investors and shareholders of PROFITPAY, including KAR, and to provide true and accurate information to KAR at the time of KAR's hiring.

85. Defendants breached that duty by recklessly providing false, inaccurate and/or incomplete information to the investors and shareholders of PROFITPAY, including KAR.

86. Plaintiffs suffered damages proximately caused by Defendants' breaches of their duty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. Judgment permanently enjoining Defendants from taking possession of PROFITPAY and/or any of its assets;

2. Judgment declaring the purported Asset Purchase Agreement void;

3. Judgment awarding Plaintiffs general and/or specific damages, including enhanced and/or exemplary damages, as appropriate;

4. Judgment awarding Plaintiffs all of their costs, including their attorneys' fees, incurred in prosecuting this action;

5. Judgment awarding Plaintiffs pre-judgment and post-judgment interest;

6. Judgment in the amount of $5.50 million; and,

7. Judgment awarding Plaintiffs such other and further relief as the Court may deem just and proper.

**DATED:  April 28, 2023**                                         *Respectfully submitted*,

**LAW OFFICE OF RESHMA KAMATH**

*/s/ Reshma Kamath*

Reshma Kamath

Counsel for Plaintiffs
PROFITPAY TECHNOLOGIES, INC. and
TANMAY KAR

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all claims as to which they have a right to a jury trial.

## VERIFICATION

I, **TANMAY KAR,** Plaintiff, in the above-entitled action. I have read the foregoing COMPLAINT and know the contents thereof. The matters stated therein are true of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in County of San Francisco, California.

///                                                                                               *TANMAY KAR*

**DATED: April 27, 2023**                                    /S/_____

                                                                                          **TANMAY KAR**

**DATED: April 28, 2023**                                    *Respectfully submitted*,

                                                                                **LAW OFFICE OF RESHMA KAMATH**

                                                                                */s/ Reshma Kamath*

                                                                                Reshma Kamath

                                                                                Counsel for Plaintiffs
                                                                                PROFITPAY TECHNOLOGIES, INC. and
                                                                                TANMAY KAR