1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TANMAY KAR, ET AL.** | **Case No.: 4:23-cv-2064-YGR** |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | Re: Dkt. No. 35 |
| **PATEL, ET AL.,** | |
| Defendants. | |

Pending before the Court is defendants Alinor Holdings, Inc. d/b/a/ Onriva ("Onriva"),
Jayesh Patel, Devesh Patel, and Vimal Patel's Motion to Dismiss under Fed. R. of Civ. P. 12(b)(1).[1]
(Dkt. No. 35, "MTD.")

The background of this motion is a bit unusual.  The motion was filed shortly after plaintiffs
filed an ex parte application for an injunction.  In the motion to dismiss, defendants initially argued
that the Court lacked jurisdiction because plaintiff ProfitPay Technologies, Inc. and defendant
Onriva were both Delaware corporations with their principal place of business in California.
Accordingly, plaintiffs had not established complete diversity as required under 28 U.S.C. § 1332,
which was the basis upon which plaintiffs pled federal jurisdiction. *See, e.g., Lincoln Property Co.
v. Roche*, 546 U.S. 81, 82 (2005) (noting that, since 1806, the Supreme Court has read 28 U.S.C.

---

[1]  Defendant requests the Court take judicial notice of one document. (Dkt. No. 51-1.)
Plaintiff did not oppose the request. Judicial notice is appropriate for "adjudicative fact[s]" that
"can be accurately and readily determined from sources whose accuracy cannot reasonably be
questioned." Fed. R. Evid. 201(a)–(b). Defendants request the Court take judicial notice of one
document, Exhibit A, which is a complaint filed by defendants against plaintiffs in Santa Clara
County Superior Court. The Court can take judicial notice of the existence of pleadings filed in
other courts. *See, e.g., GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007,
1019 (C.D. Cal. 2017).

1  § 1332(a)(1) "to require complete diversity between all plaintiffs and all defendants.") During a

2  status conference on June 5, 2023, which was held to discuss the ex parte application, the Court

3  warned plaintiffs that defendants' argument was well-taken. In response, plaintiffs then voluntarily

4  dismissed Onriva. (Dkt. No. 41.) Because of this, defendants argue that plaintiffs' First Amended

5  Complaint ("FAC") must be dismissed instead under Fed. R. of Civ. P. 19 because it fails to join

6  Onriva, an indispensable party. (Dkt. No. 51.) Plaintiffs filed a sur-reply in which they now argue

7  that federal jurisdiction rested upon the federal "securities" violations in which defendants engaged.

8  (Dkt. No. 52.)

9       Having carefully considered the FAC and parties' briefing, and for the reasons explained

10  more fully below, the Court **GRANTS** the motion to dismiss.[2] First, plaintiffs do not allege securities

11  violations in the FAC. Rather, it is based solely on state law claims, namely fraudulent

12  inducement, breach of fiduciary duty, breach of contract, fraud, negligent misrepresentation,

13  intentional misrepresentation, and negligence. All of these claims are inextricably related to

14  Onriva, and the individual defendants' interaction therewith, including the allegedly fraudulent

15  "Asset Purchase Agreement" between plaintiff Profitpay with defendant Onriva. Not surprisingly,

16  given that the FAC only alleges state law claims, it also only alleges diversity jurisdiction.

17       Second, plaintiffs attempt to resolve the diversity issue by dismissing Onriva does not solve

18  the problem. Fed. R. of Civ. P. 19 sets forth what constitutes an indispensable party that should be

19  joined. A party may be "necessary" if complete relief cannot be granted in its absence. *Disabled*

20  *Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). If an

21  indispensable party cannot be joined without destroying subject matter jurisdiction, it also guides a

22  district court's determination of when an action should, "in equity and good conscience," be

23  dismissed. Fed. R. of Civ. P. 19(b). The factors for the court to consider include: (1) the extent to

24  which a judgment rendered in the person's absence might prejudice that person or the existing

25  parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective

26  provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment

27

28      [2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. of Civ. P. 19(b)(1)–(4).

In their FAC, plaintiffs allege that defendants engaged in a fraudulent scheme to gain control of ProfitPay through the corporation where they hold positions, Onriva. (FAC ¶¶ 28–29, 30.) On or about April 18, 2023, plaintiffs allege that Onriva entered into an Asset Purchase Agreement with ProfitPay on unduly favorable terms. (*Id.* ¶ 43–44.) Plaintiffs ask the Court to, among other things, permanently enjoin Onriva from taking possession of ProfitPay and/or any of its assets and declare the Asset Purchase Agreement void.

At the heart of plaintiffs' claims is the allegation that Onriva fraudulently purchased ProfitPay. The relief sought would require the Court to find the contract entered into by Onriva and ProfitPay, the Asset Purchase Agreement, void and unenforceable. A party to a contract, however, is "indispensable to litigation seeking to decimate that contract." *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1154–55 (9th Cir. 2002). Without Onriva, the Court could not provide the full relief sought by plaintiffs. Setting aside the contract without Onriva present would prejudice it and judgment rendered without it would be inadequate. Moreover, plaintiffs have an adequate alternative remedy: They can file a counterclaim in state court against defendants. (Dkt. No. 51-1, Ex. A.) There is no solving this dispute without the company, and accordingly, the Court find Onriva is an indispensable party.

Plaintiffs' arguments otherwise do not persuade. In their "omnibus reply," plaintiffs argue that Onriva is merely a puppet of the other defendants and is therefore not a necessary party. (Dkt. No. 52.) That is not what plaintiffs alleged in the FAC. To the contrary, plaintiffs allege there was an Asset Purchase Agreement between two corporations, Onriva and ProfitPay, not between individual defendants and ProfitPay. Plaintiffs only dismissed Onriva after the Court warned them that it likely lacked jurisdiction over this matter. Their belated attempt to pierce the corporate veil and hold individual defendants personally liable for what they initially alleged were corporate actions is too little, too late at this stage.[3]

_____

[3] Plaintiffs also argue that the Court has federal question jurisdiction over their state law claims under 28 U.S.C. § 1331. (Dkt. No. 40 at 4–7.) Setting aside the fact that state actions do not metamorphosize into federal questions just because a corporation is involved, plaintiffs stated in

United States District Court
Northern District of California

United States District Court
Northern District of California

1  The Court **GRANTS WITHOUT PREJUDICE** the motion to dismiss on jurisdictional grounds.

2  The Court is skeptical that plaintiffs can amend consistent with Rule 11 obligations.  Given the

3  alleged urgency, plaintiffs should consider whether state court is the appropriate forum.  However,

4  out of an abundance of caution, the Court provides an opportunity. Any amended complaint must

5  be filed within 21 days of this order.  If no amended complaint is filed, the action will be dismissed

6  sua sponte.  If an amended complaint is filed, a response is due fourteen (14) days thereafter.

7  This terminates Dkt. No. 35.

8  **IT IS SO ORDERED**.

9  Date: July 11, 2023

   _____
   **YVONNE GONZALEZ ROGERS**
   **UNITED STATES DISTRICT COURT JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  their FAC that the only basis for this Court's jurisdiction was "28 U.S.C. § 1332 and 28 U.S.C. §

26  1332." Because plaintiffs did not invoke federal question jurisdiction under Section 1331 initially,
    and no federal question is presented on the face of, or necessarily raised by, plaintiffs' FAC, the

27  Court observes no basis to find that federal question jurisdiction would exist here. *See, e.g.,*
    *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (noting

28  that, notwithstanding the well-pleaded complaint rule, federal question jurisdiction may also exist if
    a state law claim *necessarily raises* a federal issue) (internal citation omitted).