MICHAEL W. STEBBINS, SBN 138326
MARC G. VAN NIEKERK, SBN 201329
SILICON VALLEY LAW GROUP
1 North Market Street, Suite 200
San Jose, CA 95113
Telephone:  (408) 573-5700
Facsimile:   (408) 573-5701
Email:  mws@svlg.com; mvn@svlg.com

Attorneys for Defendants
ALINOR HOLDINGS, INC. d/b/a ONRIVA,
JAYESH PATEL, DEVESH PATEL and VIMAL PATEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PROFITPAY TECHNOLOGIES, INC.; a corporation; TANMAY KAR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ALINOR HOLDINGS, INC. d/b/a ONRIVA, a corporation; JAYESH PATEL, an individual; DEVESH PATEL, an individual; VIMAL PATEL, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  3:23-cv-02064-YGR<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND REQUEST FOR RULE 11 SANCTIONS**<br><br>Date:            September 19, 2023<br>Time:           2:00 p.m.<br>Courtroom:  1, 4th Floor<br>Judge:          Hon. Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

I.    INTRODUCTION………………………………………………………………..1

II.   ARGUMENT……………………………………………………………………..2

      A.    The Court Should Grant the Motion to Dismiss Because Kar Does Not
            Have Article III Standing to Pursue His "Securities & Investment Fraud"
            Claim……………………………………………………………………..2

      B.    The Court Should Grant the Motion to Dismiss Because Kar Has Not Come
            Close to Stating a Valid Claim for Securities Frand Under Section 10(b) and
            SEC Rule 10b-5…………………………………………………………..2

            1.    "The Sixth Cause of Action Securities & Investment Fraud under
                  10(b)(5) Alleges At Least One Misstatement, and/or Omission."……….3

            2.    "Plaintiffs Can Allege as Evidence Any and All False and/or Mis-
                  leading Statements that Any Investor Could Potentially Rely On."……..4

            3.    "Plaintiffs Allege that Defendants Secretly Intended Not to Perform
                  a Purported Promise, and/or Had Knowledge that the Defendants
                  Could Not Perform" and "Defendants Made an Express Mis-
                  representation of Present-Existing Fact."………………………………...5

            4.    "Plausibility Requirement is Well-Met."…………………………………6

            5.    "Heightened Pleading Standard is Well-Met."……………………………7

            6.    "The Scienter Requirement is Well-Met."………………………………..7

      C.    The Court Should Grant Defendants' Motion to Dismiss Because Plaintiffs'
            Opposition is Rife With Procedural Flaws and Fails to Comply With the
            Federal Rules of Civil Procedure and the Local Rules………………………..8

      D.    The Court Should Grant Defendants' Request for Sanctions and Order
            Plaintiffs' Counsel to Pay Defendants' Attorneys' Fees and Costs Incurred
            in Bringing This Motion Pursuant to Rule 11 and the PSLRA…………………10

III.  CONCLUSION……………………………………………………………………11

# TABLE OF AUTHORITIES

**Cases**

*Arpin v. Santa Clara Valley Transp. Agency*
261 F. 3d 912 (9th Cir. 2001)………………………………………………………9

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)……………………………………………………….....6

*Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC*
2013 U.S. Dist. LEXIS 203107 (C.D. Cal. 2013)………………………………………..10

*Destfino v. Reiswig*
630 F. 3d 952 (9th Cir. 2011)……………………………………………………7

*Electic Props. E., LLC v. Marcus & Millichap Co.*
751 F. 3d 990 (9th Cir. 2014)……………………………………………………6, 7

*Gerritsen v. Warner Bros. Entm't Inc.*
112 F. Supp. 3d 1011 (C.D. Cal. 2015)……………………………………………9

*Gillam v. Austin*
2002 U.S. Dist. LEXIS 9555 (N.D. Cal. 2002)……………………………………………5

*In re Autodesk, Inc. Sec. Litig.*
132 F. Supp. 2d 833 (N.D. Cal. 2000)……………………………………………..8

*In re Immune Response Sec. Litig.*
375 F. Supp. 2d 983 (S.D. Cal. 2005)……………………………………………7

*In re Intel Corp. Sec. Litig.*
2019 U.S. Dist. LEXIS 54615 (N.D. Cal. 2019)…………………………………………..8

*In re Worlds of Wonder Sec. Litig.*
35 F. 3d 1407 (9th Cir. 1994)……………………………………………………8

*Kearns v. Ford Motor Co.*
567 F. 3d 1120 (9th Cir. 2009)……………………………………………..3, 5

*Marksman Partners, L.P. v. Chantal Pharm. Corp.*
927 F. Supp. 1297 (C.D. Cal. 1996)…………………………………………….....7

*Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*
774 F. 3d 598 (9th Cir. 2014)……………………………………………………2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Paulsen v. CNF, Inc.*
391 F. Supp. 2d 804 (N.D. Cal. 2005)…………………………………………………9

*Price v. Philpot*
420 F. 3d 1158 (10th Cir. 2005)………………………………………………………9

*Reese v. B.P. Exploration (Alaska), Inc.*
643 F. 3d 681 (9th Cir. 2011)…………………………………………………………8

*Skilstaf, Inc. v. CVS Caremark Corp.*
669 F. 3d 1005 (9th Cir. 2012)………………………………………………………9

*Smith v. Smith*
184 F.R.D. 420 (S.D. Fla. 1998)……………………………………………………10

*Starr v. Baca*
652 F. 3d 1202 (9th Cir. 2011)………………………………………………………6

*Sutton v. Sokotowski*
2007 U.S. Dist. LEXIS 31654 (N.D. Cal. 2006)……………………………………5, 9

*Warren v. Fox Family Worldwide, Inc.*
328 F. 3d 1136 (9th Cir. 2003)………………………………………………………4, 9

*Zody v. Microsoft Corp.*
2012 U.S. Dist. LEXIS 131081 (N.D. Cal. 2012)……………………………………9

*Zucco Partners, LLC v. Digimarc Corp.*
552 F. 3d 981 (D. Or. 2006)…………………………………………………………....8


**Statutes**

15 U.S.C. §78j(b) [Section 10(b) of the Securities Exchange Act of 1934]…………………..1, 2

15 U.S.C. §78u-4(b)(1)……………………………………………………………...3, 4

15 U.S.C. §78u-4(b)(2)…………………………………………………………………4

17 CFR §240.10b-5……………………………………………………………1, 2, 3

Fed. R. Civ. Pro., Rule 9(b)………………………………………………………1, 3, 5, 7

Fed. R. Civ. Pro., Rule 11………………………………………………………...2, 10, 11

Fed. R. Civ. Pro., Rule 12(b)(6)…………………………………….............1, 2, 9, 5, 6, 8, 9, 11

Fed. R. Civ. Pro., Rule 56(e)………………………………………………………………..9

S. 240 - 104th Congress:
   Private Securities Litigation Reform Act of 1995…………………………1, 2, 4, 5, 7, 8, 10, 11


**<u>Secondary Sources</u>**

Civil Local Rule 7-5(a) (N.D. Cal., August 24, 2023)…………………………………...9

Civil Local Rule 7-5(b) (N.D. Cal., August 24, 2023)…………………………………...9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants Alinor Holdings, Inc. d/b/a Onriva ("Onriva"), Jayesh Patel ("Jayesh"), Devesh Patel ("Devesh"), and Vimal Patel ("Vimal") (collectively, "Defendants") respectfully submit the following reply brief in support of their motion to dismiss the Second Amended Complaint ("SAC") filed by "Plaintiff" ProfitPay Technologies, Inc. ("ProfitPay")[1] and Plaintiff Tanmay Kar ("Kar" or "Plaintiff").

**I.   <u>INTRODUCTION</u>**

First, conspicuously absent from Kar's opposition brief ("Opp.") is any response to the argument that Plaintiffs lack Article III standing.  (Dkt. No. 74, pp. 10:8-11:1.)  This is a foundational issue, and Plaintiffs' lack of standing is fatal to the claim for "Securities & Investment Fraud" in the SAC.  For this reason alone, Plaintiffs cannot bring that claim, the SAC fails to raise or implicate a federal question, there is no basis for federal jurisdiction let alone pendent jurisdiction over the common law claims, and Defendants' motion to dismiss should be granted without leave to amend.

Second, Plaintiffs' arguments that they actually <u>have</u> stated a valid claim for securities fraud under Section 10(b) and SEC Rule 10b-5 are unavailing since they all but ignore the exacting legal standards under FRCP 12(b)(6), FRCP Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Plaintiffs' assertions notwithstanding, the allegations in the SAC simply <u>do</u> <u>not</u> <u>meet</u> the heightened pleading requirements to state valid federal securities fraud claims, they rely on statements made on information and belief without providing the source of such information and belief, and they never come close to providing the kind of specific information needed to make sense of the allegations, let alone make out plausible viable claims that arise under federal law.  Further, many of the alleged "misrepresentations" occurred long after any investments were made by any ProfitPay investors (who, in any event, are not parties to this action) and, thus, could not possibly induce any reliance.

Third, the opposition improperly refers to a declaration filed by Kar and 23 uncited, unauthenticated and thoroughly random "exhibits" in violation of the Federal and Local Rules.

---

[1] As mentioned in the opening brief, there is no basis for ProfitPay to be a "Plaintiff" in this action.

1   Finally, Plaintiffs' arguments concerning Defendants' requests for Rule 11 sanctions are

2   simply wrong because sanctions under the PSLRA are not subject to Rule 11's "safe harbor"

3   provision.

4   In sum, there is no merit to Plaintiffs' opposition and Defendants' motion to dismiss

5   should be granted without leave to amend and sanctions awarded.

6   **II.    ARGUMENT**

7
        **A.    The Court Should Grant the Motion to Dismiss Because Kar Does Not Have
8            Article III Standing to Pursue His "Securities & Investment Fraud" Claim.**

9   As set forth in Defendants' opening brief (Dkt. No. 74, pp. 10:8-11:1), to have standing to

10  pursue this type of securities fraud claim, Kar must plead that he owns ProfitPay stock which he

11  purchased in reliance on Defendants' material misrepresentation(s) or omission(s), and that as a

12  result he has suffered economic loss.  *See Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774

13  F.3d 598, 603 (9th Cir. 2014).  Here, the SAC contains no such allegation, and the opposition

14  does not even address this foundational requirement.  Thus, Kar lacks Article III standing to

15  pursue this claim, he cannot amend the SAC to cure this defect and the action should be

16  dismissed on that basis alone.[2]

17
        **B.    The Court Should Grant the Motion to Dismiss Because Kar Has Not Come
18           Close to Stating a Valid Claim for Securities Fraud Under Section 10(b) and
             SEC Rule10b-5.**
19

20  Plaintiffs generally cite the relevant authorities for the legal standards applicable in Rule

21  12(b)(6) motions in general and federal securities litigation in particular.  (*Compare* Dkt. No. 74,

22  pp. 9:3-10:7 *and* Dkt. No. 79, pp. 8-12-11:16.)  Unfortunately, Plaintiffs' opposition, which

23  makes seven (7) separate "arguments"—each of which is addressed below—as to why the SAC

24  states a claim for "Securities & Investment Fraud," fails to establish that the allegations in the

25  SAC come anywhere near meeting those standards.  (Dkt. No. 79, pp. 11:18-27:9.)

26

27  [2] In addition, Plaintiffs do not address Defendants' argument that Kar has not stated a valid claim

28  for Section 11 securities fraud (Dkt. No. 74, p. 11:2-12) and accordingly concede such failure.

### 1. "The Sixth Cause of Action Securities & Investment Fraud under 10(b)(5) Alleges Atleast One Misstatement, and/or Omission."

Plaintiffs first argue that "[t]he Sixth Cause of Action . . . alleges atleast [*sic*] one misstatement, and/or omission." (Dkt. No. 79, pp. 12:25-14:6.)  According to Plaintiffs, one such misstatement—which highlights the overriding problems with Plaintiffs' arguments—is "the public disclosure of Defendants' [draft] contract, containing its promise to conduct its sale to Defendants' Onriva/Alinor/Vajid Jaffri as a third-party buyer" if a "reasonable investor would materially (*sic*) view it as a certificate (*sic*) of Defendants' compliance with actuality (*sic*)."  (*Id.*, p. 13:6-10.)  Aside from being nearly incomprehensible, this allegation does not satisfy the "'the who, what, when, where, and how' of the misconduct charged" as required by the heightened pleading requirement of Rule 9(b).  *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009).  The SAC does not allege when, how and to whom the APA was "public[ly] disclos[ed]", that Plaintiffs relied upon such disclosure in connection with the purchase of ProfitPay stock to their detriment, or how the "public[ly] disclos[ed]" was an "untrue statement of a material fact."  *See* 17 C.F.R. § 240.10b-5(b).  In fact, Plaintiffs argue that "Jayesh, Vimal and Devesh" made actionable misstatements to "investors and Plaintiff Kar."  (Dkt. No. 79, p. 13;24-28.)  But Kar is not a ProfitPay shareholder, and no shareholders are "Plaintiffs" in the SAC.

What is also damning is that, although the SAC never says when this misrepresentation occurred or how "Plaintiffs" relied on it, it is clearly intended to refer to the April 18, 2023 Asset Purchase Agreement ("APA"), which is a transaction that happened long after <u>any</u> of the ProfitPay shareholders ever made their investments.  Thus, this could not be a representation that <u>anyone</u> (let alone non-shareholder Kar) relied on to their detriment to invest in the company.

Likewise, the argument that "the public disclosure of ProfitPay Technology, Inc.'s stock price at a stated inflated prices when it was actually lower" is an actionable misstatement (*Id.*, p. 13:11-15) lacks merit for the same reasons.  In the SAC, there is no explanation of who made that disclosure, to whom it was made, when it occurred and how anyone was allegedly damaged by it.  In addition, the allegation is made on information and belief (Dkt. No. 64, p. 8, ¶33) and fails to "state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-

1

2

3

4

5

4(b)(1).  Accordingly, neither these or any of the other allegations in the SAC meet the heightened pleading requirements of the PSLRA, which require the plaintiff to "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading" (*see* 15 U.S.C. § 78u-4(b)(1)) and "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *See* §78u-4(b)(2).

6

7

### 2.   "Plaintiffs Can Allege As Evidence Any and All False and/or Misleading Statements that Any Investor Could Potentially Rely On."

8

9

10

Plaintiffs next argue that they "have any and all evidence to allege securities and investment fraud." (Dkt. No. 79, p. 15:19-20.)  In support, Plaintiffs cite paragraphs 13, 33, 35, 37-38, 48 and 49 of the SAC (and to the Kar Declaration).  (*Id.*, p. 14:8-15:20.)

11

12

13

14

15

16

17

Paragraph 13 alleges that "Plaintiffs Tanmay Kar, Investors and Shareholders, *inter alia* [*sic*], have substantial investments made in ProfitPay Technologies, Inc., and have detrimentally relied on Defendants' reckless misrepresentation with intent to deceit [*sic*] and (*fraud*) in not disclosing the sale and purchase of ProfitPay to Alinor/Onriva *after* Defendant raised over $625,000 in capitol [*sic*] investors from each of the investors, and shareholders of Series A, Series B, SAFE and SAFE B-1 investors." (*Id.*, p. 4:13-20, emphasis supplied.)  Only Kar is a plaintiff.

18

19

Paragraphs 35, 37-38, and 48 allege certain statements were made to *Kar*, and for the reasons already set forth above, do not support a claim for securities violations.

20

21

22

Paragraph 33 alleges that "[p]er information and belief, according to Plaintiff Kar, the ProfitPay stocks were sold to investors allegedly at the inflated price of $0.83 per share, and then fell to $0.06 per share."  There is no factual basis provided for the "information and belief."

23

24

25

26

27

This is circular reasoning.  Plaintiffs argue they have proof of the actionable wrongdoing under federal securities law by citing the deficient allegations of wrongdoing, as well as an improper declaration that cannot be considered on a motion to dismiss under Rule 12(b)(6); *See Warren v. Fox Family Worldwide, Inc.*, 328 F. 3d 1136, 1141 n.5 (9th Cir. 2003) ("a court must generally refrain from considering extrinsic evidence in deciding a 12(b)(6) motion");

28

1  *Sutton v. Sokotowski*, 2007 U.S. Dist. LEXIS 31654, *8, Case No. No CIV-06-6417 VRW (N.D.

2  Cal. 2006) (declaration filed by plaintiffs in opposition to 12(b)(6) motion must not be

3  considered); *see also* Section II.C. below.

4  And again, none of these allegations satisfy the "'the who, what, when, where, and how'

5  of the misconduct charged" as required by the heightened pleading requirements of Rule 9(b).

6  *Kearns v. Ford Motor Co*., *supra.,* let alone the heightened pleading requirements of the PSLRA.

7  In short, despite claiming to "have all the evidence", Plaintiffs cannot and have not coherently

8  articulated any of the detailed and specific facts that are required to make out viable federal

9  securities fraud claims.

10         **3.   "Plaintiffs Allege that Defendants Secretly Intended Not to Perform a**
11            **Purported Promise, and/or Had Knowledge that the Defendants Could**
          **Not Perform" and "Defendants Made an Express Misrepresentation of**
12            **Present-Existing Fact."**

13  Plaintiffs' next arguments, to the extent that they can be understood, appear to be based on

14  promissory fraud and intentional misrepresentation.  (Dkt. No. 79, pp. 15:21-17:10; 17:12-18:23.)

15  In short, it appears that Plaintiffs are arguing that, notwithstanding the obvious infirmities of their

16  "Securities & Investment Fraud" claim, the Court should deny the motion to dismiss because

17  Plaintiffs have properly stated certain claims arising under state common law and should retain

18  jurisdiction to allow the litigation of those claims in federal court.  The obvious question is why,

19  particularly when there is already an action filed in state court in which Kar can file counter-

20  claims to assert those legal theories.[3]

21  Moreover, the SAC contains no allegations of promissory fraud.  Plaintiffs themselves

22  concede this when they argue "[a]s stated in the preceding sections, Plaintiffs specifically allege

23  that Defendants secretly intended not to perform a purported (*sic*) promise, and/or had knowledge

---

24  [3] As the Court is aware, Kar improperly removed (Dkt. No. 69) the state action filed against him by
25  Onriva, ProfitPay and Jayesh Patel by removing it into <u>this</u> case, which is procedurally improper and fatal
to the removal.  *Gillam v. Austin*, 2002 US Dist. LEXIS 9555, Case No. C-02-1389 PJH (N.D. Cal. 2002).
26  That removal is presently the subject of an objection filed by Onriva, ProfitPay and Patel (Dkt. No. 77)
since there was no separate case number in which to file a motion for remand.  But if that procedural
27  problem is remedied somehow (either by the Court or a new notice of removal), a motion for remand will
be filed immediately.  Given that there are not any federal claims in the state action, Onriva, ProfitPay
28  and Patel are confident the matter will eventually be remanded to state court.

that defendants could not perform.  (Dkt. No. 79, p. 16:12-15.)

### 4.  "Plausibility Requirement is Well-Met."

Plaintiffs next argue that "the misrepresentation claims stated in the prior sections satisfy the plausibility requirement of *Iqbal*.  It is plausible that Defendants Jayesh, VIMAL [*sic*], and Devesh, each and jointly, engaged in intentional falsification of misstatements to investors and Plaintiffs.  There are written, memorialized documents and e-mails between Kar and Jayesh; as well as declarations from each of them agreeing there was to be a purported sale to a third-party to ProfitPay Technologies, Inc. i.e. Defendant Onriva/Alinor (albeit based on the ommissions [*sic*], misrepresentations).  Further securities issues could be insider trading and tipper/tippee violations."  (Dkt. No. 79, p. 19:5-16.)

This "argument" is largely unintelligible—but baldly claim that the "claims stated in prior sections satisfy the plausibility requirement of *Iqbal*" without identifying the claims or explaining why.  Moreover, Plaintiffs refer to unidentified "documents and emails" between Patel and Kar (who, again, is not a shareholder), which are not properly considered on a 12(b)(6) motion even if they were properly identified and their relevance was explained.

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Given the deficient nature of Plaintiffs' opposition, the Court can only determine that the allegations in the SAC do not "plausibly suggest an entitlement to relief" by either plaintiff in

---

this lawsuit and grant Defendants' motion to dismiss.  *Eclectic Props. E., LLC v. Marcus & Millichap Co., supra.*

### 5.  "Heightened Pleading Standard is Well-Met."

In this section of the opposition, Plaintiffs argue that the SAC satisfies the heightened pleading requirements of Rule 9(b) and the PSLRA (Dkt. 79, pp. 19:17-20:23.)  Plaintiffs argue that "[c]learly, for several (*sic*) factual allegations, the Second-Amended (*sic*) Complaint specifically states April 16, and April 18, 2023, as the dates for communications from Defendant Jayesh to Plaintiff Kar about the asset purchase agreement to Defendant Onriva/Alinor."  (*Id.*, p. 19:23-27.)  For "support", Plaintiffs again cite paragraphs 13, 33, 35, 37-38, 48 and 49 of the SAC (and to the Kar Declaration).  (*Id.*, pp. 19:27-20:23.)

Paragraph 13 was quoted in Section II.B.2 above and lumps together multiple defendants —as well as multiple "plaintiffs", none of whom are actually parties to this lawsuit—which is improper under FRCP 9(b).  *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  Only Kar is a plaintiff, he is not a shareholder and has no standing to allege securities violations.  Paragraphs 33, 35, 37-38 and 48 were also addressed in Section II.B.2 above and, for the reasons cited therein, fall well short of meeting the heightened pleading requirements of Rule 9(b) and the PSLRA.  Moreover, according to the allegations, Defendants' "reckless misrepresentation with intent to deceit [*sic*] and (*fraud*)" were made *after* the investments [of, presumably, others, all of which occurred in 2019-2021] and—and to Kar, no less—so there can accordingly be no timely or actionable reliance.  The cited portions of the SAC do not come close to providing the necessary specificity or details required to support valid, plausible federal securities fraud claims.

### 6.  "The Scienter Requirement is Well-Met."

Plaintiffs also argue that they have also satisfied scienter pleading requirements.  (Dkt. No. 79, pp. 18:25-19:16; 20:24-27:9.)  Again, they have not even come close.

"[M]aterially misleading statements or omissions by a defendant constitute the primary element of a section 10(b) and rule 10b-5 cause of action."  *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1017 (S.D. Cal. 2005) (quoting *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297, 1305 (C.D. Cal. 1996)).  As set forth above, Plaintiffs have

failed to establish this primary element and the Court need not even consider whether plausibility or scienter have been adequately pled. *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 842-43 (N.D. Cal. 2000) (only if plaintiff's pleading of false statements or omissions is sufficient will it then review whether the allegations as a whole adequately plead scienter); *see In re Intel Corp. Secs. Litig.*, 2019 U.S. Dist. LEXIS 54615, *36, Case No. 18-cv-00507-YGR (N.D. Cal. 2019), citing *Reese v. B.P. Exploration (Alaska), Inc.,* 643 F.3d 681, 694 (9th Cir, 2011) (because court finds that plaintiff has failed to allege any actionable statements or omissions, the court need not address whether plaintiff adequately alleged scienter).

Plaintiffs also argue that scienter can be inferred because of "management's role in [the] corporate structure" and "because they had access to information within the company." (Dkt. No. 79, pp. 22:1-23:9). However, the Ninth Circuit "has rejected these kinds of 'he must have known' allegations [when] offered to demonstrate scienter under the PSLRA. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F. 3d 981, 1208 (D. Or. 2006), citing *In re Worlds of Wonder Sec. Litig*, 35 F.3d 1407, 1425-26 (9th Cir. 1994); *see In re Autodesk, Inc. Sec. Litig.*, *supra,* 132 F. Supp. 2d at 844 (a plaintiff "must do more than allege that . . . key officers had the requisite knowledge by virtue of their 'hands on' positions, because that would eliminate the necessity for specially pleading scienter, as any corporate officers could be said to possess the requisite knowledge by virtue of his or her position.")

And once again, Plaintiffs cite Kar's declaration to support their arguments which, as set forth above, should not be considered on this motion to dismiss under FRCP 12(b)(6).

Plaintiffs have failed to properly plead any specific misrepresentations or omissions made with the requisite scienter by any of the Defendants that were made to any investor that is a plaintiff in this lawsuit, which that investor relied on to their detriment. Accordingly, Plaintiffs have not and cannot make out a valid claim for securities fraud under federal law—and therefore, Defendants' motion to dismiss should be granted.

**C.** **The Court Should Grant Defendants' Motion to Dismiss Because Plaintiffs' Opposition is Rife With Procedural Flaws and Fails to Comply the Federal Rules of Civil Procedure and the Local Rules.**

1    Generally, unless a court converts a Rule 12(b)(6) motion into a summary judgment

2    motion, it cannot consider materials outside the complaint. *Price v. Philpot*, 420 F. 3d 1158,

3    1167 (10th Cir. 2005) ("when a district court relies on material from outside the pleadings, the

4    court converts the motion to dismiss into a motion for summary judgment"); *Arpin v. Santa*

5    *Clara Valley Transp. Agency*, 261 F. 3d 912, 925 (9th Cir. 2001); *Paulsen v. CNF, Inc.*, 391 F.

6    Supp. 2d 804, 807 (N.D. Cal. 2005). Here, Plaintiffs have included a declaration of Kar to

7    "support" their opposition, as well as over 70 pages of unauthenticated "exhibits." (Dkt. Nos.

8    80, 81.) These filings are improper and should not be considered. *Warren v. Fox Family*

9    *Worldwide, Inc.*, *supra; Sutton v. Sokotowski*, *supra.; Zody v. Microsoft Corp.*, 2012 U.S. Dist.

10   LEXIS 131081, *13-14, Case No.: 12-cv-00942- YGR (N.D. Cal. 2012); *Gerritsen v. Warner*

11   *Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1017 (C.D. Cal. 2015).

12   However, a matter that is properly the subject of judicial notice (*see* Federal Rule of

13   Evidence 201) may be considered along with the complaint when deciding a motion to dismiss

14   for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F. 3d 1005, 1016, fn. 9

15   (9th Cir. 2012). But in this case, Plaintiffs have <u>not</u> filed a request for judicial notice of

16   anything, so once again, nothing that they have submitted beyond their opposition should be

17   considered in deciding Defendants' motion.

18   For any documents to be considered in deciding a motion, a proper foundation must be

19   laid in supporting declarations authenticating such documents. L.R. 7-5(a). Moreover, "[a]n

20   affidavit or declaration may contain only facts, must conform as much as possible to the

21   requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement

22   made upon information or belief must specify the basis therefor. An affidavit or declaration not

23   in compliance with this rule may be stricken in whole or in part." L.R. 7-5(b). Here, even if the

24   Court were to consider the Kar declaration (which it should not), it is replete with improper and

25   admissible allegations, opinions and conclusions. For example, the declaration states that:

26   "Onriva was never an investible (*sic*) company" (Dkt. No. 80, p. 2:21); "Onriva was

27   meticulously dressed up to create an illusion of a great startup" (Dkt. No. 80, p. 3:6);

28   "Investment fraud of Bernie Madoff scale" (Dkt. No. 80, p. 4:4). These statements are not facts,

they are not pertinent to the issues before the Court on Defendants' motion, and they are entirely without evidentiary basis.  As such, the declaration in its entirety should be stricken.

The twenty-three "exhibits" (totaling 70 pages) are just as objectionable.  None of them are authenticated, they are not the subject of a request for judicial notice, and they are largely not even referenced in the declaration let alone the opposition itself.  In short, everything extraneous to the opposition is wholly irrelevant and improper and should be ignored.

###### D. The Court Should Grant Defendants' Request for Sanctions and Order Plaintiffs' Counsel to Pay Defendants' Attorneys' Fees and Costs Incurred in Bringing This Motion Pursuant to Rule 11 and the PSLRA.[4]

Plaintiffs argue that Defendants' request for sanctions should be denied for failing to comply with the "21-day safe harbor and presentment rule." (Dkt. No. 79, p. 28:22.)  However, the 21-day safe harbor rule does not apply to actions purportedly arising under the PSLRA. *Smith v. Smith,* 184 F.R.D. 420, 422 (S.D. Fla. 1998); *but see Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC*, 2013 U.S. Dist. LEXIS 203107, *3 (C.D. Cal. 2013) (noting that the Ninth Circuit has not specifically addressed the issue of whether Rule 11's safe harbor applies in securities cases).

To the extent there is any question regarding inapplicability of the safe harbor rule in PSLRA actions, in this case, providing Plaintiffs with 21-day notice to withdraw the SAC was not possible.  The Court's order of July 11, 2023 (Dkt. No. 62) required Defendants to respond to any amended complaint within fourteen days of its filing.  (*Id.*, p. 4:6.)  Defendants did so by filing their motion to dismiss and, pursuant to the guidance of the PSLRA, requested that sanctions be levied against Plaintiffs for the filing of an obviously improper claim for federal securities law violations.  Given the many problems with Plaintiffs' SAC, including the deficient nature of Plaintiffs' opposition, Defendants respectfully request that the Court make an

---

[4] Plaintiffs also argue that they should be awarded "non-FRCP sanctions in the amount of $10,500 against attorneys Mike [*sic*] Van Niekerk and Michael Stebbins . . . for filing of the prior Objection, as well as the MTD [*sic*] requesting frivolous Rule 11 sanctions without the Defendants' attorneys having met the 21-day safe harbor rule."  (Dkt. No. 79, pp. 27:28-28:2.)  Plaintiffs cite no authority, nor do they supply any coherent reasoning to support this request, which should be ignored by the Court.

1   explicit finding that the filing of the SAC was in bad faith and award sanctions to Defendants

2   under Rule 11 and the PSLRA.

3   **III.    CONCLUSION**

4         There never was any basis for Kar, the only real plaintiff in the instant action, to pursue

5   claims against Defendants in federal court—and there was no legitimate reason to ignore the

6   Court's warning and stubbornly try to make out such claims, for the third time, in a woefully

7   deficient Second Amended Complaint.

8         For the foregoing reasons and those set forth in Defendants' opening brief, Plaintiffs'

9   sixth claim of the SAC for "Securities & Investment Fraud" should be dismissed, pursuant to

10  Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be

11  granted.  Because this is Kar's third unsuccessful attempt to state claims arising under federal

12  law, the action should be dismissed in its entirety without leave to amend.  In addition, the Court

13  should decline to exercise supplemental jurisdiction over the claims in the SAC arising under

14  state law and dismiss the action in its entirety with prejudice.  Finally, pursuant to Rule 11 and

15  the PSLRA, the Court should order Plaintiff counsel to pay Defendants attorneys' fees and costs

16  incurred in bringing this motion.

17

18                    Respectfully submitted,

19  Dated:  September 5, 2023        SILICON VALLEY LAW GROUP

20

21                    By:___/s/ Michael W. Stebbins_____

22                       Michael W. Stebbins, Esq.

                     Marc G. van Niekerk, Esq.

23                       Attorneys for Defendants

24                       ALINOR HOLDINGS, INC. d/b/a ONRIVA,

                     JAYESH PATEL, DEVESH PATEL

25                       and VIMAL PATEL

26

27

28